**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BOARD OF TRUSTEES OF THE ELECTRICAL )
INSURANCE TRUSTEES HEALTH & WELFARE )
TRUST FUND, )
                                  )         Case No.: 26-CV-5534
                                  )
            Plaintiff, )        Judge:
    vs. )
                                    )        Mag. Judge:
CAROL GLOMB, an individual; and )
IRMEN LAW GROUP, LLC, an Illinois Limited )
Liability Company, )
                                  )
           Defendants. )

**<u>COMPLAINT</u>**

NOW COMES Plaintiff, the BOARD OF TRUSTEES OF THE ELECTRICAL INSURANCE TRUSTEES HEALTH & WELFARE TRUST FUND (the "TRUSTEES"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of Defendants CAROL GLOMB ("GLOMB") and IRMEN LAW GROUP, LLC ("IRMEN") as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the ELECTRICAL INSURANCE TRUSTEES HEALTH & WELFARE TRUST FUND (the "FUND") is administered at 6195 W. 115th St., Alsip, IL 60803 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUSTEES are fiduciaries of the FUND and, as such, are authorized to bring this action pursuant to Section 502(a)(3) of ERISA. 29 U.S.C. § 1132(a)(3).

4. Defendant CAROL GLOMB is a resident of Burr Ridge, Illinois and is a retiree spouse of the FUND.

5. Defendant IRMEN is an Illinois Limited Liability Company with its principal place of business located in Chicago, Illinois.

## FACTUAL ALLEGATIONS

6. The FUND is self-funded, multiemployer employee welfare benefit fund as defined in Sections 3(1) and (37) of ERISA that provides, *inter alia*, medical and disability benefits to covered individuals. 29 U.S.C. § 1002(1) and (37).

7. The TRUSTEES established the Electrical Insurance Trustees Health and Welfare Plan for Construction Workers (the "Plan") that provides medical and disability benefits to covered individuals pursuant to a Plan Document/Summary Plan Description ("Plan/SPD"). (A copy of the Plan/SPD restated effective September 1, 2008 (the "2008 Plan/SPD") is attached as **Exhibit A**).

8. As the spouse of a Participant, GLOMB is a Dependent of the FUND as defined by the Plan/SPD.

9. On or about December 11, 2022, GLOMB was injured (the "Injury").

10. IRMEN, on behalf of GLOMB, filed a Medical Malpractice claim against her providers, Adventist Midwest Health Hinsdale Hospital and S-H Opco Burr Ridge, LCC d/b/a Dimensions Living of Burr Ridge, where she was treated when the Injury occurred (the

"MedMal Claim").

11.     The FUND paid a total of $48,124.03 in medical benefits on GLOMB's behalf as a result of her Injury.

12.     The Plan is administered by the TRUSTEES pursuant to the Plan/SPD.  At all times relevant to this case, the Plan/SPD contained an express provision requiring Participants and/or Dependents to reimburse the Plan for medical and disability benefits paid to them in the event that they obtained a judgment or settlement from a responsible Third Party. The Subrogation Section of the 2008 Plan/SPD set forth the Plan's rights to reimbursement and subrogation as follows:

> "If you or your dependent incurs medical or dental charges due to injuries caused by a third party, you may have a claim against the third party, or an insurer, for payment of those medical or dental charges. By accepting benefits for those charges under this plan, you automatically assign the plan any rights you or your dependent may have to recover payments from the third party or insurer. This subrogation right allows the plan to pursue any claim you or your dependent has against any third party or insurer, whether or not you or your dependent chooses to pursue that claim. The plan may make a claim directly against the third party or against the insurer. If you or your dependent file a claim, the plan has a right to any amount recovered by you or your dependent, whether or not it is designated as payment for medical or dental expenses. This remains in effect until the plan is paid in full."

(2008 Plan/SPD, p. 31-32; a copy of the relevant provisions of the Plan/SPD is attached as **Exhibit A**).

13.     The Plan/SPD further states as follows:

> "When you accept benefits under this plan, you acknowledge the plan's right to subrogation and reimbursement. The plan's rights to subrogation and reimbursement give the plan priority over any funds paid by a third party to you or your dependent relative to the injury or sickness. This includes priority over any claim for non-medical or dental charges, attorneys' fees or other costs and expenses (the Illinois Common Fund Doctrine or any other state law affecting these rights is preempted). The plan's rights are limited to the extent to which it has made or will make

payments for medical or dental charges, as well as any costs and fees incurred as a result of enforcing its rights under the plan."

(2008 Plan/SPD, p. 32; **Exhibit A**).

14. Pursuant to the terms of the Plan/SPD, by accepting benefits under the Plan/SPD, GLOMB agreed to reimburse the FUND and the FUND maintains an enforceable claim for reimbursement under the terms of the Plan/SPD. (**Exhibit A**).

15. On April 28, 2026, IRMEN informed the FUND that the MedMal Claim settled in exchange for payment in the amount of $190,000.00.

16. On March 18, 2026, IRMEN contacted the FUND and informed the FUND that they were requesting a reduction request for the total paid by the Fund and informed the FUND the MedMal Claim had settled for $190,000.00.

17. On March 27, 2026, IRMEN contacted the FUND and provided the FUND with their itemization of related medical bills.

18. On April 13, 2026, IRMEN contacted the FUND and stated IRMEN intended to file a Motion to Adjudicate the Blue Cross Blue Shield Lien.

19. On April 28, 2026, IRMEN informed the Plaintiff's counsel that the MedMal Claim settled in exchange for payment in the amount of $190,000.00.

20. On April 28, 2026, IRMEN contact the Plaintiff's counsel and informed them that they were requesting a reduction request for the total paid by the Fund.

21. On April 28, 2026, the undersigned attorney contacted IRMEN regarding GLOMB's reimbursement obligations.

22. On April 29, 2026, IRMEN provided the FUND with the information requested on April 28, 2026.

23. On April 30, 2026, IRMEN provided the FUND with a copy of the Motion to Adjudicate

Blue Cross Blue Shield of Illinois Lien.

24. On May 12, 2026, IRMEN brought a Motion to Adjudicate Liens in front of the Honorable David E. Schwartz of the Eighteenth Judicial Circuit to reduce the lien down to $4,104.93 was granted.

25. On May 12, 2026, Defendants provided the FUND with a copy of an Order entered by the Honorable David E. Schwartz of the Eighteenth Judicial Circuit reducing the FUND's purported lien to $4,104.93. (A copy of the Lien Adjudication Order is attached as **Exhibit B**).

26. Upon information and belief, IRMEN maintains all or a portion of the MedMal Claim settlement in its client trust account.

27. The FUND, through its attorneys and agents, have demanded full reimbursement of the $48,124.03 in medical and disability benefits that the Plan paid on GLOMB's behalf, which Defendants have refused to pay.

28. As of today's date, Defendants have refused to recognize the FUND's absolute right to recover pursuant to the Plan/SPD and ERISA.

29. Pursuant to the Plan/SPD, Defendants are also obligated to reimburse the FUND for attorneys' costs and fees incurred as a result of enforcing its rights under the Plan from the settlement proceeds.  (**Exhibit A**).

**COUNT I –**
**ENFORCEMENT OF PLAN/SPD – EQUITABLE LIEN**

30. Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) as if fully set forth herein.

31. By refusing to reimburse the FUND the full amount of benefits paid in the amount of

$48,124.03 from the monies received by Defendants in the settlement of the MedMal Claim, Defendants have violated the terms of the Plan/SPD, which clearly states that the Plan has a right to reimbursement from any and all money that Defendants recover from the MedMal Claim.

32. The FUND has an absolute right to reimbursement in the amount of $48,124.03.

33. Upon information and belief, IRMEN maintains a portion of the MedMal Claim settlement in its client trust account.

34. To the extent that any of the Defendants, or any person or entity acting in concert with or on behalf of either of the Defendants, still maintain any money or property that is traceable to monies recovered by Defendants from the MedMal Claim, the TRUSTEES request that this Court impose an equitable lien on the money and property.

35. The FUND has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND with money that rightfully belongs to Plaintiff.

36. Section 502(a)(3) of ERISA allows Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD.  29 U.S.C. § 1132(a)(3).


**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Impose an equitable lien in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement held by IRMEN in its client trust account;

B. Impose an equitable lien in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement that has been distributed to

GLOMB;

C.  Impose an equitable lien in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement that have been distributed to IRMEN's general account;

D.  Enter a monetary judgment against Defendants GLOMB and IRMEN, jointly and severally, in the amount of $48,124.03 as a mechanism to enforce the equitable lien;

E.  Enter an order awarding Plaintiff its reasonable attorneys' fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. § 1132(g)(1); and

F.  Award Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(a)(3).

**COUNT II –**
**ENFORCEMENT OF PLAN/SPD – CONSTRUCTIVE TRUST**

37.  Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) as if fully set forth herein.

38.  By refusing to reimburse the FUND the full amount of benefits paid in the amount of $48,124.03 from the monies received by Defendants in the MedMal claim settlement, Defendants have violated the terms of the Plan/SPD, which clearly states that the Plan has a right to reimbursement from any and all money that Defendants recover from the MedMal claim.

39.  The FUND has an absolute right to reimbursement in the amount of $48,124.03.

40.  Upon information and belief, IRMEN maintains a portion of the MedMal claim settlement in its client trust account

41.  To the extent that any of the Defendants, or any person or entity acting in concert with or

on behalf of either of the Defendants, still maintain any money or property that is traceable to monies recovered by Defendants from the MedMal Claim settlement, the TRUSTEES request that this Court enter a constructive trust over the money and property.

42. The FUND has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND with money that rightfully belongs to Plaintiff.

43. Section 502(a)(3) of ERISA allows Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD. 29 U.S.C. § 1132(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Impose a constructive trust in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement held by IRMEN in its client trust account;

B. Impose a constructive trust in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement distributed to GLOMB;

C. Impose a constructive trust in the amount of $48,124.03 plus interest on any money recovered by GLOMB in the MedMal Claim settlement distributed to IRMEN's general account;

D. Enter a monetary judgment against Defendants GLOMB and IRMEN, jointly and severally, in the amount of $48,124.03 as a mechanism to enforce the constructive trust;

E. Enter an order awarding Plaintiff its reasonable attorneys' fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. § 1132(g)(1); and

F.  Award Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(a)(3).

Respectfully Submitted,

**BOARD OF TRUSTEES OF THE ELECTRICAL INSURANCE TRUSTEES HEALTH & WELFARE TRUST FUND**

By:  /s/ Jamie K. VandenOever - 6342753
One of Plaintiff's Attorneys

Jamie K. VandenOever
JOHNSON & KROL, LLC
141 W Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 757-5470
vandenoever@johnsonkrol.com